```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

UNITED STATES OF AMERICA,       )
                                )
           Plaintiff,           )
                                )
      v.                        )       No.  09 CR 352
                                )
BRIAN DAVID CARTER,             )
                                )
           Defendant.           )

## MEMORANDUM ORDER

This Court has received from the Clerk's Office a copy of a September 5, 2013 request by Brian Carter ("Carter") "for a copy of the docket sheet and a copy of any action taken on the matter of Request for Appeal Appointment of Counsel."  Because this Court recalled having sentenced Carter but not of having received any notice of appeal, it caused the court docket to be printed out.  That docket revealed that Carter had been sentenced back in June 2012, and it also reflected much later filings by Carter in the form of a May 6, 2013 letter and a July 12, 2013 amended version of that letter (neither of which had been delivered to this Court's chambers).

Carter's 2013 filings and requests are difficult to understand.  Originally his sentencing, following his guilty plea, had been set for May 2012, but that date was deferred on motion by his counsel because of Carter's illness.  That sentencing date was accordingly extended on more than one occasion until this Court was advised that Carter was well enough

to proceed to sentencing--and as already stated, that took place in June 2012 (and it was later modified in early October 2012 to reflect fully the operation of 18 U.S.C. §3553(a)).

At sentencing this Court (as it always does) apprised Carter of his limited rights of appeal and of the 14-day deadline for filing any appeal (Fed. R. App. Proc. ("Rule") 4(b)(1)(A) establishes the 14-day time clock, while Rule 4(b)(4) permits an extension of that time "[u]pon a finding of excusable neglect or good cause," but only "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

That being the case, Carter's "Request for Appointment of Counsel and New Time Period for Notice of Appeal" cannot, to this Court's knowledge, be entertained at this time. Carter is of course free to tender the issue to our Court of Appeals for its consideration.

_____
Milton I. Shadur
Senior United States District Judge

Date:  September 23, 2013